IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID RAY WALLACE | § | |
| (BOP Register No. 29587-177), | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-505-G-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant David Ray Wallace, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Wallace's Section 2255 motion, which is successive, without prejudice to his right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such a motion.

**Background**

As the Fifth Circuit recently set out, Wallace "was convicted of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(e)," and he "was

-1-

classified as an armed career criminal and sentenced to 293 months in prison and five years of supervised release." *United States v. Wallace*, ___ F. App'x ____, No. 14-11187, 2016 WL 104349, at *1 (5th Cir. Jan. 8, 2016) (per curiam) (citing *United States v. Wallace*, 92 F. App'x 985 (5th Cir. 2004) (per curiam)). Wallace has filed "a number of post-conviction motions, including a 28 U.S.C. § 2255 motion, which the district court denied on the merits." *Id.* (affirming this Court's construction of a Rule 60(b) motion Wallace filed as an unauthorized successive Section 2255 motion, denying IFP, and dismissing the appeal as frivolous); *see also United States v. Wallace*, No. 3:02-cr-328-G, 2014 WL 4426259 (N.D. Tex. Aug. 19, 2014), *rec. adopted*, 2014 WL 4435827 (N.D. Tex. Sept. 9, 2014).

The only ground for relief Wallace asserts in the current motion concerns the residual clause of the Armed Career Criminal Act ("ACCA"). *See* Dkt. No. 2 at 4 & 13 ("the ACCA's residual clause is unconstitutional," which requires the Court to "resentence [me] to proper sentence for possession of a firearm in light of Johnson v. United States").

Even if the ACCA's residual clause impacted Wallace's sentence, for the reasons explained below, this Court currently lacks jurisdiction to consider his successive Section 2255 motion.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996,

Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

The United States Supreme Court has granted certiorari to resolve a split among the United States courts of appeals as to whether *Johnson* applies retroactively to cases on collateral review, like this one. *See Welch v. United States*, 136 S. Ct. ____,

No. 15-6418, 2016 WL 90594 (Jan. 8, 2016). But the United States Court of Appeals for

the Fifth Circuit has held that *Johnson* should not apply to cases like this one. *See In*

*re Williams,* 806 F.3d 322, 325-26 (5th Cir. 2015).

Specifically, in *Williams*, the Fifth Circuit determined that *Johnson* does not fall

under either exception to *Teague v. Lane*, 489 U.S. 288 (1989), because *Johnson* neither

announced "a watershed rule," like that "of *Gideon v. Wainwright*," nor does *Johnson*

"forbid the criminalization of any of the conduct covered by the ACCA — Congress

retains the power to increase punishments by prior felonious conduct." 806 F.3d at 325.

> *Johnson* took down the residual clause of the ACCA on vagueness
> grounds, a denial of due process, which is no way forbids the regulatory
> objective — only insisting upon sufficient clarity as to give fair notice of
> how it is to be achieved.
>
> More to the point, though, is that *Johnson* also does not forbid a certain
> category of punishment. As Justice Scalia explained in *Schriro v.*
> *Summerlin*, [542 U.S. 348, 351-52 (2004),] substantive rules apply
> retroactively "because they necessarily carry a significant risk that a
> defendant ..." faces a punishment that the law cannot impose upon him.
> Rules that "deprive[ ] the State of the power to impose a certain penalty"
> are retroactive, but rules that merely alter the sentencing structure
> under which a penalty is imposed are not. After *Johnson*, defendants ...
> may, within the bounds of the constitution, face a fifteen year sentence
> — Congress is not "deprived" of that power. *Johnson* merely mandates
> that Congress require such punishment with greater clarity — fair notice
> to persons it engages.

*Id.* at 325-26 (discussing *Penry v. Lynaugh*, 492 U.S. 302 (1989), *overruled on other*

*grounds by Atkins v. Virginia*, 536 U.S. 304 (2002); *Saffle v. Parks*, 494 U.S. 484 (1990);

footnotes omitted).

The Fifth Circuit, not this Court, is the proper gatekeeper for successive Section

2255 motions, and Wallace's successive 2255 motion seeking relief pursuant to *Johnson*

should be denied without prejudice to his right to seek leave from the Fifth Circuit to file a successive Section 2255 motion.[1]

## Recommendation

The Court should deny Wallace's Section 2255 motion as successive without prejudice to his right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such a motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The undersigned considered transfer of this case to the Fifth Circuit for appropriate action. But, given Wallace's litigation history, it appears that a denial without prejudice to his right to seek leave from the court of appeals better serves the interests of justice.

DATED: February 24, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE